IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

KEONDREA JOHNSON,
    Plaintiff,
v.                          Case No. 4:26-cv-00090-ALM
NATIONAL CREDIT SYSTEMS, INC.,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, LLC,
and TRANS UNION, LLC,
    Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TRANS UNION LLC'S
JOINDER IN EQUIFAX INFORMATION SERVICES, LLC'S MOTION FOR
JUDGMENT ON THE PLEADINGS**

Plaintiff Keondrea Johnson ("Plaintiff"), by and through undersigned counsel, respectfully submits this Response in Opposition to Defendant TransUnion LLC's Joinder in Equifax Information Services, LLC's Motion for Judgment on the Pleadings (ECF No. 45) pursuant to Local Rule CV-7(e) of the Eastern District of Texas. Trans Union's Joinder (ECF No. 45) raises arguments that warrant brief response but does not cure the fundamental deficiencies in Equifax's Motion. For the reasons set forth below and in Plaintiff's Opposition (ECF No. 48), the Motion should be denied."

## I.  INTRODUCTION

Trans Union LLC ("Trans Union") joins in Equifax's Motion for Judgment on the Pleadings, adopting the argument that Plaintiff Keondrea Johnson has failed to allege an inaccuracy that is "objectively and readily verifiable," and simultaneously filing a proposed dismissal order. Dkt. Nos. 45, 45-3. Both the motion and the proposed order should be denied. Trans Union's argument rests entirely on *Reyes v. Equifax Information Services, L.L.C.*, 140 F.4th 279, 288–89 (5th Cir. 2025), a decision that does not control these facts. The record now before the Court, authenticated by Trans Union's own declarant, tells a simple story: Plaintiff had a court order. She gave it to Trans Union. Trans Union continued to report a $9,365.00

active collection balance for the very creditor whose lawsuit had already been dismissed with prejudice. Whether that reinvestigation was reasonable is a factual question belonging to a jury, not a legal question resolved on the pleadings.

## II.  FACTUAL BACKGROUND

On July 11, 2024, the Denton County Court at Law No. 2 entered an Order of Dismissal with Prejudice in Cause No. CV-2024-02198-JP, styled *Estancia v. Malik Pleasant; Keondrea Johnson*. Dkt. 45-2 at 17. The case had been set for a Forcible Entry Detainer Appeal Hearing. Estancia, the plaintiff-landlord and the original creditor whose account NCS was collecting, did not appear. *Id.* ("Plaintiff did not appear for the appeal hearing on that date"; "Based upon Plaintiff's failure to appear and present evidence, the case is hereby dismissed with prejudice."). The dismissal with prejudice is a final disposition of that litigation, entered by a court of competent jurisdiction, filed for record with the Denton County Clerk on July 11, 2024. *Id.*

More than a year later, as of August 30, 2025, Trans Union continued to report a NATLCRSYS (National Credit Systems) collection account for "Estancia at Morningstar Apts" with a $9,365 balance, "Open account" type, balance updated August 24, 2025. Dkt. 45-2 at 16. The account showed 0% paid off, no payment history, and was listed as a "Joint account" with no notation of the court order. *Id.*

On October 30, 2025, Plaintiff authorized a formal written dispute to be sent to TransUnion identifying the NCS account by Trans Union reference number, attaching: (1) the Order of Dismissal with Prejudice (Denton County Court at Law No. 2, 07/11/2024, Cause No. CV-2024-02198-JP); (2) an excerpt of her August 30, 2025 Trans Union credit report showing the disputed reporting; (3) a copy of her state-issued driver's license; (4) her Social Security card; and (5) a Capital One bank statement confirming her current address. Dkt. 45-2 at 2–3.

Page **2** of **9**

Plaintiff specifically advised Trans Union that the account had been the subject of an eviction/lease lawsuit, that the court entered an Order of Dismissal with Prejudice on July 11, 2024, that the dismissal with prejudice bars any further collection of the same claim, and that the reporting failed to reflect the true legal status of the account. *Id.* at 2. Plaintiff requested deletion of the tradeline, or at minimum an update to $0 balance, $0 past due, and Closed, with a notation that the account is legally unenforceable pursuant to the Court's Dismissal with Prejudice. *Id.*

Trans Union received this dispute on November 6, 2025. Dkt. 45-1 ¶ 4. Trans Union's own Litigation Support Specialist authenticated the dispute packet under penalty of perjury. *Id.* ¶¶ 1–5. Despite receiving the complete dispute package, including the court order, Trans Union made no meaningful correction. The only notation added to the tradeline was "Account information disputed by consumer." Dkt. 45-2 at 16. The $9,365 balance, open status, and active collection reporting remained unchanged.

### III.  <u>LEGAL STANDARD</u>

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The Court must accept all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor. *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013). Dismissal is appropriate only if the complaint fails to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal with prejudice is reserved for cases where amendment would be futile. *Stripling v. Jordan Production Co.,* 234 F.3d 863, 873 (5th Cir. 2000).

## IV.  ARGUMENT

### A.  *Reyes* Does Not Control Because It Involved an Unresolved, Never-Adjudicated Dispute—Not a Final Court Order.

Trans Union's position depends entirely on *Reyes*, which held that consumer reporting agencies are not required to investigate the "legal validity" of disputed debts and that alleged inaccuracies must be "sufficiently objectively verifiable" to be actionable. 140 F.4th at 288–89. But *Reyes* arose from facts that bear no resemblance to this case.

In *Reyes*, the plaintiff claimed charges on her Citibank credit card were fraudulent. *Id.* at 282. Citibank investigated and affirmatively concluded the charges were valid, made using an embedded chip that "cannot be duplicated." *Id.* at 284. At the time she disputed with Equifax, no court had adjudicated anything. Her dispute with Citibank was pending arbitration. *Id.* at 288 n.8. The "inaccuracy" she alleged required Equifax to decide, in place of a court or arbitrator, whether the charges were fraudulent. The Fifth Circuit correctly held that CRAs are not required to make that determination. *Id.* at 288–89.

Three critical features distinguish *Reyes* from this case: (1) in *Reyes*, no court had ruled on the underlying dispute before the consumer filed her FCRA claim; (2) the furnisher had affirmatively investigated and disputed the consumer's position; and (3) the alleged inaccuracy required the CRA to make an independent factual and legal determination about fraud. None of those features are present here. A court *had* ruled before Plaintiff filed a single dispute. The order is a public record verifiable by anyone with access to the Denton County docket. Plaintiff handed it to Trans Union. And the inaccuracy she alleges does not require Trans Union to adjudicate anything; it requires only that Trans Union acknowledge what the court record shows.

The Fifth Circuit in *Reyes* expressly preserved *Pinner v. Schmidt*, 805 F.2d 1258, 1262 (5th Cir. 1986), and *Stevenson v. TRW Inc.*, 987 F.2d 288, 293-94 (5th Cir. 1993), as good law

for situations where "the disputed information [is] confirmed to be factually inaccurate." *Reyes*, 140 F.4th at 289. In *Stevenson*, the Fifth Circuit held that a CRA bears "some responsibility for evaluating the accuracy of information obtained from subscribers" and that relying solely on furnisher responses, without meaningful evaluation of contrary evidence, can constitute an unreasonable reinvestigation. *Stevenson*, 987 F.2d at 293–94. That is precisely the theory here.

**B.  The Dismissal Order Is an Objectively Verifiable Fact, and the Reporting Is Misleading Under *Sepulvado*.**

The Order of Dismissal with Prejudice is objectively verifiable in the most literal sense: it is a signed, filed court record bearing a cause number, a judge's signature, and a date stamp from the Denton County Clerk. Dkt. 45-2 at 17. Verifying it requires nothing more than reviewing a public docket. This is the opposite of the fraud inquiry in *Reyes,* which required evaluating transaction data, chip-card technology, and Citibank's internal investigation findings. The *Reyes* court stated that the "objectively verifiable" requirement excludes inaccuracies "that turn on legal disputes." 140 F.4th at 288–89. A court order is not a legal dispute. It is the resolution of one.

Independent of whether the order extinguishes the debt as a matter of Texas law, Plaintiff's reporting is actionable as misleading under *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895-96 (5th Cir. 1998), a standard *Reyes* itself reaffirmed. *Reyes,* 140 F.4th at 285. An item of information is inaccurate under the FCRA if it is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado*, 158 F.3d at 895. A collection tradeline reporting a $9,365.00 active balance, with no reference to a dismissal with prejudice entered against the collecting creditor, updated as recently as August 2025, is misleading on its face to any lender reviewing the report. Any creditor pulling Plaintiff's Trans Union file in August 2025 would see an open, active collection account with a $9,365 past-due

balance. Nothing in the report would suggest that the creditor behind that collection had already lost its lawsuit by failing to appear.

TransUnion argues that the Complaint does not allege Plaintiff did not owe the debt. That argument misses the point under *Sepulvado*. The question is not whether Plaintiff technically owes something in the abstract, it is whether the manner of reporting is misleading to creditors who rely on the report. Reporting an account as an active, open collection with a $9,365.00 current balance, while omitting that the creditor pursuing that collection failed to appear and prosecute its own case, satisfies that standard at the pleading stage.

## C.  The Exhibit Evidence Authenticated by Trans Union Supports Plaintiff's Claims, Not Dismissal.

Trans Union filed its Joinder alongside a sworn declaration authenticating the dispute correspondence. Dkt. 45-1. Those exhibits, now properly before the Court, do not help Trans Union. They confirm that Plaintiff sent a complete, documented dispute package on October 30, 2025; that Trans Union received it on November 6, 2025; that the package included the Order of Dismissal with Prejudice, her credit report showing the adverse tradeline, and five categories of supporting identification and address documentation; and that Trans Union's response was to add a single notation—"Account information disputed by consumer"—while leaving the $9,365 balance, open status, and active collection reporting entirely unchanged. Dkt. 45-1; Dkt. 45-2 at 2–3, 16.

Trans Union argues these exhibits are "central to" Plaintiff's claims and defeat them. *See* Dkt. 45 at 2 (citing *OmiagboPhilips v. Digital Fed. Credit Union*, No. 4:23-CV-240-ALM-KPJ, 2024 WL 898914, *at 3* (E.D. Tex. Feb. 8, 2024). But documents incorporated by reference are accepted as authentic, they are not accepted as dispositive on the merits. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Lone Star Fund V (U.S.), L.P. v.*

*Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).. The exhibits here are entirely consistent with Plaintiff's allegations. They confirm she disputed; they confirm Trans Union received the dispute; and they confirm Trans Union made no meaningful correction. That is not a defense, it is evidence of the violation.

Notably, the person Trans Union designated to authenticate the dispute records, Donald Wagner, a Specialist III in Trans Union's Litigation Support Department, is not a reinvestigation analyst. Dkt. 45-1 ¶¶ 1–2. The declaration contains no statement that anyone in Trans Union's reinvestigation department reviewed the court order Plaintiff submitted. The Court should draw the reasonable inference that Trans Union's reinvestigation personnel never meaningfully evaluated the dismissal order at all, precisely the kind of superficial reinvestigation that the FCRA forbids. *See Stevenson*, 987 F.2d at 293–94.

### D. *Reyes* **Was Decided on a Full Summary Judgment Record and Cannot Be Extended to a Rule 12(c) Dismissal with Prejudice.**

The Fifth Circuit in *Reyes* affirmed summary judgment on a fully developed record that included Citibank's written investigation findings, three rounds of ACDV exchanges, and the arbitration posture of the underlying dispute. 140 F.4th at 282–85. The court's conclusion that the reported information was not "patently incorrect or misleading" was a fact-bound determination made on undisputed evidence. *Id.* at 286–87.

No such record exists here. The parties have not yet conducted discovery. The Court has not seen Trans Union's reinvestigation file, its ACDV exchanges with NCS, its internal dispute notes, or any evidence about what Trans Union did, or chose not to do, after receiving Plaintiff's dispute and the court order. Extending *Reyes*' summary judgment rationale to Rule 12(c) dismissal with prejudice, before any of that is developed, would expand that decision far beyond its holding.

**E.  Dismissal With Prejudice and Denial of Leave to Amend Are Unwarranted.**

Trans Union and Equifax both urge the Court to dismiss with prejudice on the ground that no amendment could cure the Complaint's alleged deficiencies. That argument fails. Futility requires a finding that the claim cannot be saved under any set of facts consistent with the allegations. *Stripling*, 234 F.3d at 873.  Plaintiff has a court order, a complete dispute letter, an authenticated credit report showing continued adverse reporting after receipt of that dispute, and a CRA that made no substantive correction. If any gap in the pleading exists, it is curable. Dismissal with prejudice, the relief Trans Union's proposed order would immediately impose on today's filing, is unwarranted.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff Keondrea Johnson respectfully requests that the Court deny Trans Union LLC's Joinder in Equifax's Motion for Judgment on the Pleadings and deny Trans Union's proposed Order (Dkt. 45-3). Plaintiff has stated plausible FCRA claims grounded in a court order, a documented dispute, and Trans Union's failure to conduct a reasonable reinvestigation. *Reyes* does not foreclose those claims. This case should proceed with discovery.

Respectfully submitted,

*/s/ Heather Hersh*
Heather Hersh
TX Bar No. 24025426
FCRA Attorneys PLLC
5301 Alpha Rd, Ste. 80-5
Dallas, Texas 75240
Tel: (214) 210-9910
Fax: (469) 669-0786
heather@fcraattorneys.com
*Lead Counsel for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 26th day of May 2026, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to all counsel of record.

*/s/ Heather Hersh*
Heather Hersh