**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

KEONDREA JOHNSON,

    **Plaintiff,**

    v.

NATIONAL CREDIT SYSTEMS, INC.,

EXPERIAN INFORMATION SOLUTIONS,

INC., EQUIFAX INFORMATION SERVICES,

LLC, and TRANS UNION, LLC,

    **Defendants.**

Civil Action No. 4:26-cv-00090-ALM

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT**
**EXPERIAN INFORMATION SOLUTIONS, INC.'S JOINDER IN**
**DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Keondrea Johnson ("Plaintiff"), by and through undersigned counsel,

respectfully submits this Response in Opposition to Defendant Experian Information Solutions,

Inc.'s ("Experian") Joinder (Dkt. No. 46) in Defendant Equifax Information Services, LLC's

("Equifax") Motion for Judgment on the Pleadings and Memorandum in Support Thereof (Dkt.

No. 37) and Reply in Support thereof (Dkt. No. 44). For the reasons set forth herein, and for the

reasons set forth in Plaintiff's Response in Opposition to Equifax's Motion (Dkt. No. 40) and

Plaintiff's Sur-Reply (Dkt. No. 47), which are incorporated herein by reference in their entirety,

Experian's Joinder should be denied.

## I. <u>INTRODUCTION</u>

As set forth below, Experian's standing argument fails because Plaintiff suffered concrete, published-inaccuracy harm directly causing a credit denial, and its accuracy and reinvestigation arguments present quintessential fact questions that cannot be resolved on the pleadings.

Plaintiff's Complaint alleges that Defendants, as consumer reporting agencies ("CRAs") subject to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), reported materially inaccurate information about Plaintiff, failed to conduct a reasonable reinvestigation of Plaintiff's timely disputes, and continued to report the inaccurate information after those disputes were received. The Complaint pleads specific inaccuracies, specific dispute communications, and specific concrete injuries, including credit denials, emotional distress, and reputational harm, resulting from Defendants' conduct. These allegations are more than sufficient to state a claim under the FCRA.

Experian's Joinder rests on two flawed premises: (1) that Plaintiff lacks Article III standing under *TransUnion LLC v. Ramirez*, 594 U.S. 413, 432-33 (2021), and (2) that the Complaint fails to plausibly allege an actionable inaccuracy or a violation of Experian's reinvestigation duty. Both arguments fail. Plaintiff suffered concrete, particularized injuries when Experian published inaccurate information to third-party creditors, directly causing tangible harm. And Plaintiff's allegations of inaccuracy and failed reinvestigation are factual, not legal, challenges that are squarely cognizable under the FCRA. The Motion should be denied in its entirety.

## II. RELEVANT FACTUAL BACKGROUND

The following facts are drawn from Plaintiff's Complaint (Dkt. No. 1) and are accepted as true for purposes of this Motion. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

On July 11, 2024, the Denton County Court at Law No. 2 entered an Order of Dismissal with Prejudice in Cause No. CV-2024-02198-JP, *Estancia at Morningstar v. Pleasant & Johnson*, naming Plaintiff as a defendant. Dkt. No. 1 ¶¶ 25–26. The dismissal was with prejudice, disposed of all claims asserted against Plaintiff, and constitutes a final adjudication on the merits. *Id.* ¶ 27.

Experian received Plaintiff's first written dispute on or about September 29–30, 2025, enclosing the court order, excerpts of her Experian credit report, and complete proof of identity. Dkt. No. 1 ¶¶ 38–44. On October 10, 2025, Experian sent Plaintiff an email stating it had received a request that "does not appear to have been sent directly by you or to be authorized by you" and that "as a precautionary measure" Experian had "not taken any action." *Id.* ¶¶ 59–60. Experian conducted no reinvestigation following Plaintiff's first dispute. *Id.* ¶ 64. Plaintiff submitted a second written dispute to Experian on October 10, 2025, again enclosing the court order and supporting documentation. *Id.* ¶¶ 53–56. Experian provided no results. *Id.* ¶ 57. On November 16, 2025, Experian updated the "Balance Updated" date on the NCS tradeline but continued reporting a $9,365.00 balance and $9,365.00 past-due amount. *Id.* ¶¶ 80–82.

Trans Union reviewed the same dispute package and the same court order and deleted the NCS tradeline from Plaintiff's credit file entirely. Dkt. No. 1 ¶¶ 85–87. On December 30, 2025, USAA Federal Savings Bank denied Plaintiff's credit card application based in whole or in part on Experian's report, citing "delinquent and/or derogatory accounts" and "serious delinquency

and public record or collection filed" as adverse factors, while Experian was reporting the NCS collection with a $9,365 past-due balance. *Id.* ¶¶ 94–99.

### III. LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Id.* Judgment on the pleadings is appropriate only if "the material facts are not in dispute and a judgment on the merits can be rendered by looking only to the substance of the pleadings." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

To survive, the complaint need only contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Dismissal is inappropriate unless there is "no set of facts" which could entitle the plaintiff to relief. *Myspace*, 528 F.3d at 418.

The Fifth Circuit has repeatedly cautioned that motions for judgment on the pleadings are "rarely granted" in FCRA cases, where factual questions about the reasonableness of a reinvestigation, the accuracy of reported information, and the extent of a consumer's injuries are inherently ill-suited for resolution on the pleadings alone. *See Stevenson v. TRW Inc.*, 987 F.2d 288, 293 (5th Cir. 1993) (reversing summary judgment for CRA and holding that whether

reinvestigation was reasonable is a jury question); *Cousin v. Trans Union Corp.*, 246 F.3d 359, 368 (5th Cir. 2001) (same).

## IV. ARGUMENT

### A. Plaintiff Has Article III Standing Under TransUnion.

Defendants contend that Plaintiff has not adequately alleged a "concrete injury" as required by *TransUnion LLC v. Ramirez*, 594 U.S. 413, 432-33 (2021). This argument fails because Plaintiff has alleged precisely the type of concrete injury that *TransUnion* itself recognized as sufficient: the publication of inaccurate information to third-party creditors, resulting in actual credit denials and financial harm.

In *TransUnion*, the Supreme Court held that the 1,853 class members whose inaccurate credit reports were disseminated to third parties, resulting in real-world consequences, had Article III standing based on a harm analogous to defamation. 594 U.S. at 432–33. The Court distinguished those class members from the 6,332 whose inaccurate files were never shared with anyone. *Id.* at 434. Plaintiff here falls squarely in the former category.

Plaintiff alleges that Defendants published inaccurate information about her to third-party creditors. Dkt. No. 1 ¶¶ 80–82, 94–99. As a direct result, Plaintiff was denied credit and/or subjected to adverse terms. Dkt. No. 1 ¶¶ 94–99. These are precisely the kinds of concrete, real-world harms, akin to defamation, credit denial, and financial injury, that *TransUnion* and the Fifth Circuit recognize as sufficient to confer Article III standing. *See Stevenson,* 987 F.2d at 297 (credit denial and emotional distress flowing from published inaccuracy are concrete actual damages establishing standing); *Washington v. CSC Credit Servs.,* 199 F.3d 263, 267 (5th Cir.

2000) (finding Article III standing where plaintiff alleged CRA reported inaccurate information to third-party creditors resulting in denials).

Moreover, Plaintiff also suffered concrete non-economic harm in the form of emotional distress, anxiety, and reputational damage resulting from the inaccurate reporting. The Fifth Circuit recognizes emotional distress as actual damages cognizable under the FCRA. *Stevenson v. TRW Inc.*, 987 F.2d 288, 297 (5th Cir. 1993). Such non-economic injuries further confirm Plaintiff's standing at the pleading stage.

Experian's reliance on the second category of *TransUnion* plaintiffs, those whose files were maintained internally but never disseminated to third parties, is misplaced. Plaintiff does not allege a purely internal data error. Plaintiff alleges a published inaccuracy with direct adverse consequences. Defendants' standing argument must be rejected.

**B. <u>The Complaint Plausibly Alleges a Materially Inaccurate Consumer Report</u>.**

To state a claim under 15 U.S.C. § 1681e(b), a plaintiff must allege that (1) inaccurate information was included in a consumer report; (2) the inaccuracy resulted from the CRA's failure to follow reasonable procedures; and (3) the plaintiff suffered injury. *Stevenson,* 987 F.2d at 292–93 (5th Cir. 1993); *Cahlin v. Gen. Motors Acceptance Corp.,* 936 F.2d 1151, 1156 (11th Cir. 1991); *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir. 1995). Plaintiff has pleaded each element.

Plaintiff's Complaint identifies the specific inaccuracy with precision: Experian reported the NCS collection account with a $9,365.00 balance and $9,365.00 past-due amount after the Denton County Court at Law No. 2 had already entered an Order of Dismissal with Prejudice on July 11, 2024 in Cause No. CV-2024-02198-JP, disposing of all claims against Plaintiff on the

merits. Dkt. No. 1 ¶¶ 25–27, 38–44, 80–82. Reporting an outstanding $9,365.00 past-due balance on an account whose underlying lawsuit was dismissed with prejudice is a factual inaccuracy, an error in the reported status of the account, not a legal dispute about whether the debt is owed. These are factual inaccuracies, errors in how Plaintiff's actual account history, payment status, and underlying account information were reported to third-party creditors. *Cf. Denan v. Trans Union LLC*, 959 F.3d 290, 295–96 (7th Cir. 2020) (distinguishing factual inaccuracies, which are cognizable, from purely legal challenges to debt validity, which are not).

The Fifth Circuit has long recognized that "an inaccuracy need not be a flat-out falsehood to be actionable; a misleading or incomplete report can constitute an inaccuracy under the FCRA." *Stevenson*, 987 F.2d at 292. A credit report that omits material context or presents information in a technically true but materially misleading manner is actionable. *Id.*; *see also Cousin*, 246 F.3d at 368 (affirming that a CRA's report may be inaccurate even if each individual data point is literally true).

Experian argues that the Complaint does not adequately plead the specific inaccuracy or that the reported information was technically accurate. Dkt. No. 37 at 6–10. On a Rule 12(c) motion, this Court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *MySpace*, 528 F.3d at 418. At this stage, Plaintiff need not prove the inaccuracy, she must only plausibly allege it. The Complaint does so.

## C. **The Complaint Plausibly Alleges Defendants Failed to Conduct a Reasonable Reinvestigation.**

Section 1681i of the FCRA imposes a duty on CRAs, upon receiving a consumer dispute, to conduct a reasonable reinvestigation to determine whether disputed information is inaccurate.

15 U.S.C. § 1681i(a)(1)(A). If the information cannot be verified, the CRA must delete it. 15 U.S.C. § 1681i(a)(5)(A). A CRA that merely rubber-stamps the furnisher's response through the e-OSCAR Automated Consumer Dispute Verification ("ACDV") process, without meaningful investigation, violates § 1681i. *Stevenson*, 987 F.2d at 293; *Cousin*, 246 F.3d at 368.

Plaintiff alleges that she submitted written disputes to Defendants identifying the specific inaccuracies, and that Defendants failed to conduct a reasonable reinvestigation in response. Dkt. No. 1 ¶¶ 38–44, 53–57. Specifically, Plaintiff alleges that Experian rejected Plaintiff's first dispute outright on the pretext that it did not "appear to have been sent directly by you or to be authorized by you," and took no action whatsoever. Dkt. No. 1 ¶¶ 59–64. Following Plaintiff's second dispute, Experian's only response by November 16, 2025 was to update a "Balance Updated" date field while leaving the $9,365.00 balance and $9,365.00 past-due amount entirely unchanged. Dkt. No. 1 ¶¶ 53–57, 80–82. That cosmetic update is not a reinvestigation.

Whether a CRA's reinvestigation was "reasonable" is quintessentially a fact-intensive inquiry unsuited to resolution on the pleadings. *Stevenson,* 987 F.2d at 293 (reversing directed verdict for CRA because reasonableness of reinvestigation was question for the jury); see also *Cushman v. Trans Union Corp.,* 115 F.3d 220, 225 (3d Cir. 1997) ("What constitutes a 'reasonable investigation' necessarily varies with the circumstances."). Experian's Motion asks this Court to rule, as a matter of law on the pleadings, that its reinvestigation was reasonable. That is precisely what Rule 12(c) does not permit.

Plaintiff's well-pleaded allegations, that Defendants received her disputes, had the ability and obligation to investigate, and nonetheless continued reporting inaccurate information, are more than sufficient to plausibly state a § 1681i claim. *See Millstone v. O'Hanlon Reports, Inc.,*

528 F.2d 829, 832–34 (8th Cir. 1976) (CRA's failure to take meaningful investigative steps after receiving consumer dispute is sufficient basis for FCRA liability).

The inadequacy of Experian's reinvestigation is underscored by a telling comparison: Trans Union, presented with the identical dispute package, the identical court order, and the identical evidence, deleted the NCS tradeline from Plaintiff's credit file entirely. Dkt. No. 1 ¶¶ 85–87. Experian's failure to take the same step, or any substantive step, is not a reasonable difference in judgment. It is evidence of an unreasonable reinvestigation that a fact finder is entitled to evaluate.

**D. Plaintiff Has Adequately Pleaded Both Negligent and Willful Violations.**

The FCRA provides a private right of action for both negligent violations (§ 1681o) and willful violations (§ 1681n). A violation is willful if the defendant's conduct was "objectively unreasonable" considering the legal rules clearly established at the time. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007). The standard does not require subjective bad faith. *Id.* At the pleading stage, Plaintiff need only to allege that Defendants' conduct was objectively unreasonable, a standard that Plaintiff's factual allegations satisfy.

Defendants' duty to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports, 15 U.S.C. § 1681e(b), and their duty to conduct a reasonable reinvestigation, 15 U.S.C. § 1681i(a), are among the most clearly established requirements of the FCRA. The Fifth Circuit recognized these duties as early as *Stevenson v. TRW* in 1993, nearly three decades before the conduct at issue. A CRA that ignores consumer disputes and continues reporting information that it cannot verify acts in an objectively unreasonable manner. *See Cousin*, 246 F.3d at 370 (recognizing that a CRA's disregard of consumer disputes and failure to

maintain adequate procedures are the predicate facts for willfulness liability); *see also Marchisio v. Carrington Mortg. Servs., LLC*, 919 F.3d 1288, 1308 (11th Cir. 2019) (affirming willfulness finding where furnisher was repeatedly put on notice of false reporting yet each time failed to correct its records). Plaintiff has adequately pleaded a willfulness theory.

Experian's specific conduct is particularly probative of objective unreasonableness. Experian refused to act on Plaintiff's first dispute on the stated basis that it did not "appear to have been sent directly by you or to be authorized by you," despite Plaintiff enclosing the court order, her credit report excerpts, and complete proof of identity. Dkt. No. 1 ¶¶ 38–44, 59–64. Using an administrative authentication pretext to avoid any reinvestigation is not a reasonable response to a facially valid dispute; it is an objectively unreasonable one. Following Plaintiff's second dispute, Experian's only response was to update a "Balance Updated" date field while leaving the $9,365.00 balance and past-due amount unchanged—a response that no reasonable interpretation of § 1681i sanctions. Dkt. No. 1 ¶¶ 80–82. Taken together, this pattern of pretextual rejection and cosmetic non-response supports willfulness under *Safeco*.

**E. <u>Leave to Amend Should Be Granted If Any Deficiency Is Found</u>.**

Should the Court identify any deficiency in the Complaint, which Plaintiff respectfully submits does not exist, Plaintiff respectfully requests leave to amend. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend "shall be freely given when justice so requires." The Fifth Circuit has held that district courts should "freely" grant leave to amend "unless there is a substantial reason to deny it." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000). No such reason exists here. This case is in its early stages; no trial date is imminent and leave to amend would not prejudice Defendants.

## V. CONCLUSION

For the foregoing reasons, Plaintiff Keondrea Johnson respectfully requests that this Court deny Experian's Motion for Judgment on the Pleadings in its entirety. In the alternative, Plaintiff respectfully requests leave to file an Amended Complaint to address any deficiencies the Court may identify.

Respectfully submitted,

*/s/ Heather Hersh*
Heather Hersh
TX Bar No. 24025426
FCRA Attorneys PLLC
5301 Alpha Rd, Ste. 80-5
Dallas, Texas 75240
Tel: (214) 210-9910
Fax: (469) 669-0786
heather@fcraattorneys.com
*Lead Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2026, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Heather Hersh*
Heather Hersh