IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEONDREA JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:26-cv-00090-ALM |
| | § | |
| NATIONAL CREDIT SYSTEMS, | § | |
| INC., EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC. EQUIFAX | § | |
| INFORMATION SERVICES, LLC, | § | |
| and TRANS UNION, LLC, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT TRANS UNION LLC'S REPLY IN SUPPORT OF
JOINDER TO EQUIFAX INFORMATION SERVICES, LLC'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW, Trans Union LLC ("Trans Union"), by and through its undersigned counsel, and hereby files its Reply in Support of Joinder in Defendant Equifax Information Services, LLC's ("Equifax") Motion for Judgment on the Pleadings and Memorandum in Support. *See* Dkt. No. 45.

## I.    APPLICABLE LEGAL STANDARD

The Complaint against Trans Union fails to assert a claim under the standard applied in deciding a Rule 12(c) motion for judgment on the pleadings—a standard identical to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Guidry v. Am. Public Life Ins., Co.,* 512 F.3d 177, 180 (5th Cir. 2007); *Johnson v. Johnson,* 385 F.3d 503, 529 (5th Cir. 2004).  The motion to dismiss standard requires a plaintiff to plead facts sufficient to establish a claim that is plausible on its face. *Guidry,* 512 F.3d at 180 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)); *Gentilello v. Rege,* 627 F.3d 540, 544 (5th Cir. 2010).  "A claim has facial plausibility when the

1

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Conclusory allegations, legal conclusions, and "unwarranted factual inferences" will not survive a motion for judgment on the pleadings. *Gentilello,* 627 F.3d at 544 (quoting *Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir. 2005)).

When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal,* 556 U.S. at 678. First, the Court is not required to accept, as true, legal conclusions couched as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly,* 550 U.S. at 570). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n]' . . . 'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). While all material allegations must be taken as true in considering a Rule 12(c) motion, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive dismissal. *Iqbal,* 556 U.S. at 678.

## II.    ARGUMENTS AND AUTHORITIES

### A.    Plaintiff Failed To Allege A Factual Inaccuracy That Is Objectively And Readily Verifiable.

"To state a claim under Section 1681e(b) or Section 1681i, the plaintiff must plead *factual allegations* showing that inaccurate information was included in the plaintiff's credit report." *Palomo v. Trans Union, LLC*, No. 4:21-CV-904-SDJ-KPJ, 2022 WL 17731824, at *3 (E.D. Tex. Sept. 7, 2022)(emphasis added).   Therefore, as a threshold matter, Plaintiff must prove an

2

inaccuracy to establish claims under §§ 1681e(b) and 1681i of the FCRA. *See Sepulvado v. CSC Credit Services, Inc.*, 158 F.3d 890, 896 (5th Cir. 1998)(internal citations omitted) ("The FCRA does not impose strict liability for inaccurate entries.  Rather, the plaintiff must show that the inaccuracy resulted from a negligent or willful failure to use reasonable procedures when the report was prepared."); s*ee also Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 286 (5th Cir. 2025) ("We join the other circuits in concluding that inaccuracy is a threshold requirement for § 1681i claims."); *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) (explaining that "[i]n order to pursue a cause of action based upon willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate").

Plaintiff has the burden of proving the inaccuracy—failure to do so is fatal to her claims. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 n.9 (11th Cir. 1991); *Watkins v. Experian Info., Sols., Inc.*, No. 613CV00239WSSJCM, 2014 WL 12879669, at *5 (W.D. Tex. Sept. 8, 2014), *report and recommendation adopted*, No. W-13-CV-239, 2014 WL 12879668 (W.D. Tex. Oct. 3, 2014); *Norman v. Experian Info. Sols., Inc.*, No. 3:12-CV-128-B, 2013 WL 1774625, at *4 (N.D. Tex. Apr. 25, 2013). Importantly, the alleged inaccuracy under sections and 1681e(b) and 1681i must be one that is "objectively and readily verifiable."  *Reyes,* 140 F.4th at 288.  Here, Plaintiff's claims fail because they are not based on a cognizable inaccuracy that is "objectively and readily verifiable" and must be dismissed.

1. **Plaintiff's Claims Fail Because They Are Not Based On A Cognizable Inaccuracy That Trans Union Is Required To Resolve, Or Capable Of Resolving, Which Is A Complete Defense To Plaintiff's Claims.**

Dismissal is warranted because the information disputed by Plaintiff is not actionable under the FCRA as it would require a consumer reporting agency ("CRA"), such as Trans Union, to conduct complex fact-gathering and in-depth legal analysis—an analysis that is typically reserved

3

for furnishers and courts to perform.  Plaintiff is required to show her claim is based on an alleged inaccuracy that is objectively and readily verifiable and because she cannot do that Plaintiff's §§ 1681e(b) and 1681i claims fail as a matter of law.

Plaintiff fails to plead an inaccuracy as required by the FCRA. Rather, Plaintiff's claims focus on the validity of the underlying debt with NCS despite her efforts to convince this Court otherwise in her Response.  *See* Dkt. No. 48 at 5 (stating "[i]ndependent of whether the order extinguishes the debt as a matter of Texas law, Plaintiff's report is actionable"). The validity of the underlying debt is hardly the type of "objectively and readily verifiable" issue the CRAs are tasked to reinvestigate. *See Reyes*, 140 F.4th 279, 288; *Ray v. Experian Info. Sols. Inc.,* No. 3:24-CV-01129-X, 2025 WL 1994400, at *2 (N.D. Tex. July 17, 2025).

Courts have determined that CRAs are not qualified or required to reinvestigate consumer disputes that, as alleged, do not show the inaccuracy or incompleteness is objectively and readily verifiable. *See Mader v. Experian Info. Sols., Inc*., 56 F.4th 264, 269 (2d Cir. 2023)("[a]ccuracy" under the FCRA "requires a focus on objectively and readily verifiable information."); *Dorsey v. Trans Union,* No. 2:22-cv-1489-ACA, 2024 WL 3362466 (N.D. Al. July 9, 2024)(holding in FCRA dispute that "the disposition question is whether the answer to [plaintiff's] contract dispute is "objectively and readily verifiable.").

Plaintiff's claims are meritless because the alleged inaccuracy arises from the validity of the underlying NCS debt, a dispute which simply cannot be objectively and readily verified. Trans Union is not required to determine whether Plaintiff is contractually obligated to pay the NCS account. *Id*. at ¶ 21.  To support an FCRA claim, the consumer's alleged inaccuracy must be one that is "objectively and readily verifiable." *See Reyes*, 140 F.4th at 288.  However, the alleged inaccuracies asserted by Plaintiff do not present such issues.

4

**2. Any Allegation that Plaintiff Does Not Owe the Underlying Debt to NCS Is Conspicuously Absent from her Complaint and subsequent Briefing in Response to the CRA Defendants' Motion for Judgment on the Pleadings.**

Furthermore, from Trans Union's vantage point, Plaintiff was indebted to NCS when its credit reporting appropriately reflected this fact. Plaintiff presents no factual allegation(s) to refute this position. Instead, Plaintiff apparently contends that her submittal of the dismissal order from the landlord's eviction action required Trans Union to annotate in its reporting "that the creditor pursuing [the subject] collection failed to appear and prosecute its own case[.]" *See* Dkt. No. 48 at 6. This is neither required under the FCRA, nor legitimate grounds to allege a factual inaccuracy exists in Trans Union's reporting. It is an ill-fated pivot from Plaintiff's untenable, initial position that the Order of Dismissal somehow extinguished her indebtedness when it did not.

On its face, the Order does not release Plaintiff's underlying debt – it simply terminates the eviction action before the County Court at Law. This is the only reasonable interpretation of "the *case* is hereby dismissed with prejudice." *See* Dkt. 45-2 (emphasis added). Plaintiff's claims against Trans Union hinge on her distorted interpretation that this Dismissal Order affects the underlying debt, which demonstrates that this a legal dispute between her and NCS regarding the validity of this debt. In fact, Plaintiff's Response confirms as much by her contention that Trans Union was purportedly required to delete or deem "the account is legally unenforceable" with a notation in its reporting. *See* Dkt. No. 48 at 3. However, as discussed above, Trans Union is not required to make such legal determinations under the FCRA. *See Reyes*, 140 F.4th at 288.

**B. Plaintiff's Complaint Should Be Dismissed With Prejudice Because Any Amendment Would Be Futile.**

A court may dismiss a claim without leave to amend if amending the complaint would be futile. *See Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). The decision to grant leave to amend a complaint is, of course, committed to the sound

5

discretion of the District Court. *See United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009). However, while leave to amend under Federal Rule of Civil Procedure 15 should be freely given, amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

Plaintiff's Complaint should be dismissed with prejudice and without leave to amend because there is no way that Plaintiff could manipulate the facts to state a claim under the FCRA. Fundamentally, an amendment of the Complaint would be futile because Plaintiff cannot plead the prima facie element of an inaccuracy in Trans Union's reporting. *See Ray*, 2025 WL 1994400, at \*2. Plaintiff cannot state a cognizable reporting or reinvestigation procedures claim against Trans Union since Plaintiff has not alleged a factual inaccuracy in the reporting. Instead, Plaintiff mislabels her legal dispute with NCS as a "factual inaccuracy" reported by Trans Union. As such, no amendment by Plaintiff can cure this deficiency. Accordingly, her claims against Trans Union should be dismissed with prejudice and without leave to amend.

### III.    CONCLUSION

For all the foregoing reasons, Trans Union respectfully requests that the Court grant the CRA Defendants' Motion for Judgment on the Pleadings, dismiss Plaintiff's claims against Trans Union with prejudice, and award Trans Union its fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*/s/ Leoncio A. Gil, III*
Leoncio A. Gil, III
Texas Bar No. 24094204
leon.gil@qslwm.com
QUILLING, SELANDER, LOWNDS,

6

10113078.1

WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Telephone: (214) 560-5458
Fax: (214) 871-2111
*Counsel for Trans Union LLC*

7

10113078.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of June 2026, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

following:

Heather Bryn Hersh
heather@fcraattorneys.com
Jaffer Law Firm
5301 Alpha Rd., Suite 80-5
Dallas, TX 75240
(469) 751-8949
*Counsel for Plaintiff*

John W. Bowdich
jbowdich@bowdichlaw.com
Bowdich & Associates PLLC
8150 N. Central Expressway, Suite 500
Dallas, TX 75203
(214) 307-9500
*Counsel for National Credit Systems Inc.*

Tanner Wadsworth
twadsworth@jonesday.com
Jones Day
2727 N Harwood Street
Dallas, TX 75201
(214) 969-4593
*Counsel for Experian*
*Information Solutions Inc.*

Samin Hessami
shessami@seyfarth.com
Seyfarth Shaw, LLP
700 Milam, Suite 1400
Houston, TX 77002
(713) 238-1847
*Counsel for Equifax*
*Information Services, LLC*


*/s/ Leoncio A. Gil, III*
**LEONCIO A. GIL, III**

8

10113078.1