**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**KEONDREA JOHNSON,**
    **Plaintiff,**

**v.**                                      **Case No. 4:26-cv-00090-ALM**

**NATIONAL CREDIT SYSTEMS, INC.,**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**EQUIFAX INFORMATION SERVICES, LLC,**
**and TRANS UNION, LLC,**
    **Defendants.**

**<u>PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT TRANS UNION LLC'S
REPLY IN SUPPORT OF JOINDER IN EQUIFAX INFORMATION SERVICES, LLC'S
MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

Plaintiff Keondrea Johnson ("Plaintiff"), by and through undersigned counsel, respectfully submits this Sur-Reply in Opposition to Defendant Trans Union LLC's ("Trans Union") Reply in Support of Joinder in Equifax Information Services, LLC's Motion for Judgment on the Pleadings (ECF No. 51) pursuant to Local Rule CV-7(f) of the Eastern District of Texas. Trans Union's Reply raises two new arguments, a post-*Reyes* N.D. Texas district court decision and a purported concession from Plaintiff's own Response, that warrant brief response but do not cure the fundamental deficiencies in Defendants' Motion. For the reasons set forth below and in Plaintiff's Response in Opposition (ECF No. 48), the Motion should be denied.

**I.  <u>ARGUMENT</u>**

**A. <u>*Ray v. Experian* Is Distinguishable Because It Involved No Prior Court Adjudication—
the Defining Feature of This Case</u>.**

Trans Union's Reply introduces *Ray v. Experian Information Solutions Inc.*, No. 3:24-CV-01129-X, 2025 WL 1994400, at *2 (N.D. Tex. July 17, 2025), as post-*Reyes* authority supporting dismissal. *Ray* does not control this case. The factual predicate that drove dismissal in *Ray* is absent here. As a threshold matter, *Ray* is an unpublished district court memorandum opinion with no binding precedential effect on this Court.

In *Ray,* the plaintiff disputed a collection account for emergency transport services, contending that his health insurance provider had satisfied the debt, a position supported only by an Explanation of Benefits (EOB) from the plaintiff's own insurer. *Id.* at *1. No court had adjudicated anything. The debt's validity was entirely unresolved: the question of whether the insurance payment satisfied the Air Evac obligation was a live dispute between Ray, the insurer, and the collector, not a concluded proceeding. Judge Starr dismissed because Ray's alleged inaccuracy was based on a not-yet-adjudicated position that the debt is not legally valid. *Id.* at *2 (quoting *Reyes v. Equifax Information Services, L.L.C.,* 140 F.4th 279, 287 (5th Cir. 2025)).

Johnson's case is structurally different in the one respect that *Ray* itself identified as dispositive: adjudication. Before Plaintiff filed a single dispute with Trans Union, a Texas court of competent jurisdiction entered a signed Order of Dismissal with Prejudice in Cause No. CV-2024-02198-JP, terminating the litigation brought by the very entity whose collection account Trans Union was reporting. Dkt. 45-2 at 17. That order is a public court record, verifiable by any party who pulls the docket, not a one-sided insurance document submitted by the consumer. Plaintiff is not asking Trans Union to adjudicate whether the debt is valid. She is asking Trans Union to account for an objective court record that already exists.

The not-yet-adjudicated language that drove *Ray* and *Reyes* has no application where adjudication has already occurred. *Ray* therefore supports, rather than undermines, Plaintiff's position: the line the Fifth Circuit drew is between unresolved legal disputes (not actionable) and concluded proceedings reflected in objective public records (actionable). Johnson stands on the actionable side of that line.

Trans Union further contends that Plaintiff's allegations are conclusory and that the inference she asks the Court to draw from the dismissal order is an unwarranted factual inference

that cannot survive Rule 12(c). That mischaracterizes the Complaint. Plaintiff's claims rest on three specific, objective, and pleaded facts: (1) a signed Order of Dismissal with Prejudice entered by the Denton County Court at Law No. 2 in Cause No. CV-2024-02198-JP on July 11, 2024, Dkt. 45-2 at 17; (2) a Trans Union credit report dated August 30, 2025 reporting the NCS account as an open collection with a $9,365.00 balance, Dkt. 45-2 at 16; and (3) a dispute letter received by Trans Union on November 6, 2025 attaching that court order, Dkt. 45-1 ¶ 4. Those are factual allegations, not legal conclusions. The inference Plaintiff asks the Court to draw, that a CRA conducting a reasonable reinvestigation would account for a filed court order before continuing to report an active collection for the same creditor, is not unwarranted. It flows directly from the pleaded facts and is precisely the type of reasonable inference courts must draw in Plaintiff's favor at the 12(c) stage. *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013). Moreover, *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988), the sole authority Trans Union cites for the conclusory allegations proposition, is a Ninth Circuit decision with no precedential weight in this Circuit.

Trans Union also relies on *Mader v. Experian Information Solutions, Inc.*, 56 F.4th 264, 269 (2d Cir. 2023), and *Dorsey v. Trans Union*, No. 2:22-cv-1489-ACA, 2024 WL 3362466 (N.D. Ala. July 9, 2024), for the proposition that CRAs are not required to investigate inaccuracies that are not objectively and readily verifiable. Neither case helps Trans Union here. In *Mader*, the consumer alleged his student loan debt had been discharged in bankruptcy, but the bankruptcy decree did not explicitly discharge the debt and noted that student loans are generally not dischargeable, leaving an unresolved legal question with no prior adjudication on point. 56 F.4th at 267–68. *Dorsey* likewise involved an unresolved contract dispute with no prior court adjudication. Both cases follow the same not-yet-adjudicated pattern as *Ray* and *Reyes and* are

distinguishable from this case for the same reason: Johnson has a final court order in hand, not an unresolved legal theory.

### B.  The Fourth Circuit's Recent Decision in *Roberts v. Carter-Young* Confirms There Is No Categorical Bar on Court-Order-Based Inaccuracy Claims.

Trans Union's Reply relies on circuit court decisions holding that CRAs need not adjudicate legal disputes. But the Fourth Circuit recently rejected any hard line rendering legal disputes unverifiable under the FCRA. *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 251 (4th Cir. 2025). In *Roberts,* a case the Fifth Circuit itself cited favorably in *Reyes*, 140 F.4th at 289, the court held that a consumer's claim requires only allegations that, if true, show the credit report is inaccurate or incomplete based on information that is objectively and readily verifiable. 131 F.4th at 251. A court order, a signed, filed, public record, is the paradigmatic example of objectively verifiable information.

Trans Union's Reply focuses on § 1681i but both §§ 1681e(b) and 1681i are at issue. Notably, the Fifth Circuit in *Reyes* did not address § 1681e(b) because the plaintiff there had abandoned that claim on appeal. 140 F.4th at 284 n.4. The Fifth Circuit has therefore not held that § 1681e(b), which independently requires CRAs to follow reasonable procedures to assure maximum possible accuracy, 15 U.S.C. § 1681e(b), is subject to the same objectively verifiable limitation Trans Union urges here. At minimum, Plaintiff's § 1681e(b) claim is not foreclosed by *Reyes* and should survive independently of the § 1681i analysis.

### C.  Plaintiff's Response Does Not Concede a Legal Dispute—It Pleads an Alternative Theory Under *Sepulvado*.

As a threshold matter, Plaintiff does not dispute that NCS holds a claim against her, she disputes that Trans Union accurately reported the *status* of that claim in light of a court order entered in related litigation. The FCRA does not require Plaintiff to prove the debt is invalid to

state a claim, it requires only that the reporting be inaccurate or misleading. Those are distinct theories, and Trans Union conflates them throughout its Reply.

Trans Union quotes Dkt. 48 at 5, independent of whether the order extinguishes the debt as a matter of Texas law, Plaintiff's report is actionable, as evidence that Plaintiff herself concedes this is a legal dispute. That misreads the Response. That sentence introduced an *alternative* theory: even if the Court were to conclude that the dismissal order does not extinguish the debt as a matter of law, the reporting is independently actionable as misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998); *Reyes*, 140 F.4th at 285 (reaffirming *Sepulvado*). Pleading an alternative theory is not a concession. It is standard practice under Federal Rule of Civil Procedure 8(d)(2).

Trans Union also contends that Plaintiff's position requires Trans Union to annotate its reporting with a notation that the creditor pursuing [the subject] collection failed to appear and prosecute its own case. ECF No. 51 at 5. That is not Plaintiff's position. Plaintiff's position is that Trans Union was required to conduct a reasonable reinvestigation, which, on these facts, means acknowledging that a court entered a dismissal with prejudice in litigation between Plaintiff and the reporting creditor before concluding that the account should continue to report as an active $9,365.00 collection. Whether Trans Union's reinvestigation met that standard is a question of fact for the jury, not a question of law for the pleadings.

Trans Union separately argues that the absence of an allegation that Plaintiff does not owe the underlying debt is conspicuously absent from the Complaint and is fatal to her claims. That argument fails because it is directed at the wrong theory. Plaintiff need not allege that she does not owe the underlying debt to state a *Sepulvado* misleading information claim. The

question under *Sepulvado* is not whether the debt exists in the abstract, it is whether Trans Union's reporting of it as an active, open collection without reflecting a dismissal with prejudice in related litigation is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. 158 F.3d at 895. A consumer can state a claim under this theory without ever alleging the debt is invalid, and the absence of such an allegation is therefore irrelevant.

### D. Futility Remains Unestablished.

Trans Union contends that amendment would be futile because Plaintiff cannot plead the prima facie element of an inaccuracy in Trans Union's reporting. ECF No. 51 at 6. But futility requires a showing that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Trans Union has not made that showing. The inaccuracy Plaintiff alleges is grounded in an objective court record, is verifiable from a public docket, and is cognizable under the *Sepulvado* misleading-information theory that *Reyes* expressly preserved. Dismissal with prejudice is unwarranted.

If the Court identifies any pleading deficiency, amendment could cure it, for example, by adding specific facts about the Denton County public docket and the availability of the dismissal order to any party conducting a reasonable reinvestigation. That is the opposite of futility.

## II. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiff's Response in Opposition (ECF No. 48), Plaintiff Keondrea Johnson respectfully requests that the Court deny Trans Union LLC's Joinder and the CRA Defendants' Motion for Judgment on the Pleadings in their entirety and permit this case to proceed to discovery.

Respectfully submitted,


*/s/ Heather Hersh*
Heather Hersh
FCRA Attorneys PLLC
5301 Alpha Rd, Ste. 80-5
Dallas, Texas 75240
Tel: (214) 210-9910
Fax: (469) 669-0786
heather@fcraattorneys.com
*Lead Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June 2026, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all

counsel of record.

*/s/ Heather Hersh*
Heather Hersh