**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| KEONDREA JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:26-cv-00090-ALM |
| | § | |
| NATIONAL CREDIT SYSTEMS, | § | |
| INC., EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC. EQUIFAX | § | |
| INFORMATION SERVICES, LLC, | § | |
| and TRANS UNION, LLC, | § | |
| | § | |
| Defendants. | § | |

## CRA DEFENDANTS' UNOPPOSED JOINT MOTION TO STAY ACTION

COME NOW, Defendants Trans Union LLC ("Trans Union"), Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), (collectively the "CRA Defendants"), and hereby file their Unopposed Joint Motion to Stay Action Pending Ruling on the Motion for Judgment on the Pleadings (the "Motion"), filed on April 20, 2026 by Equifax Information Services, LLC. On May 11, 2026, Trans Union filed its Motion for Joinder to Equifax's Motion. *See generally* ECF Nos. 37, 45. On May 15, 2026, Experian filed its Motion for Joinder to Equifax's Motion. *See generally* ECF No. 46. This Motion to Stay is based upon the memorandum of points and authorities set forth herein and the pleadings in this action. CRA Defendants would respectfully show this Court the following:

## I.     FACTUAL BACKGROUND

Plaintiff Keondrea Johnson ("Plaintiff") filed her Complaint in this Court on January 28, 2026. ECF No. 1. Plaintiff alleges violations of 15 U.S.C §§ 1681e(b) and 1681i of the Fair Credit Reporting Act ("FCRA"). *Id.* On December 2, 2025, Defendant Equifax Information Services, LLC filed its Motion for Judgment on the Pleadings and Memorandum in Support. ECF No. 37.

Plaintiff filed a Response in Opposition to the Motion for Judgment on the Pleadings on May 4, 2026, ECF No. 40. On May 11, 2026, Trans Union filed its Motion for Joinder to Equifax's Motion, ECF No. 45. Plaintiff also filed her Response in Opposition to Trans Union's Motion for Joinder on May 26, 2026, and May 27, 2026, respectively, ECF Nos. 48 and 49.  On May 15, 2026, Experian filed its Motion for Joinder to Equifax's Motion, ECF No. 46.

## II.    LEGAL STANDARD

It is well settled that courts have the authority to stay proceedings to manage their docket based on the particular facts of a case. *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F. Supp. 2d 848, 852–53 (N.D. Tex. 2005). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its dockets with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Indeed, "Fifth Circuit precedent permits discovery only *after* a determination has been made that the plaintiff has alleged facts sufficient to state a claim against the defendant." *Nelson v. La. Dept. of Public Safety and Corrs.*, No. 18-282-SDD-EWD, 2019 WL 2062501, at *5 (M.D. La. May 9, 2019) (emphasis in original). Courts across the Fifth Circuit have frequently issued stays in cases where dispositive motions are pending. *See, e.g., Conquest v. Camber Corp.*, No. 5:13-cv-1108-DAE, 2014 WL 172500, at *2 (W.D. Tex. Jan. 13, 2014); *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV0652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for discovery altogether thus saving time and expense'") (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).

10123870.5

## III.    ARGUMENT AND AUTHORITIES

**A.    The Motion for Judgment on the Pleadings Will Dispose of All of Plaintiff's Claims against the CRA Defendants.**

As discussed more thoroughly in the Motion for Judgment on the Pleadings and the subject Joinders, Plaintiff has failed to identify any actionable claim against the CRA Defendants. *See generally* ECF Nos. 37, 45 & 46.  Consequently, because there is a strong likelihood the pending motion will dispose of all of Plaintiff's claims against the CRA Defendants, the Court should stay the case, including discovery. The Fifth Circuit has specifically noted that there are reasons to stay discovery of a case pending resolution of a plaintiff's potentially invalid claim:

> Pending a case surviving a motion to dismiss under Rule 12(b)(6), however, the district court *may* wish to postpone the issuance of a scheduling order until it decides whether the case merits further factual development.

*Alpha Kappa Alpha Sorority, Inc. v. Converse Inc.*, 175 F. App'x 672, 682 (5th Cir. 2006) (emphasis in original) (citing *Ehlmann v. Kaiser Found. Health Plan of Tex.*, 198 F.3d 552, 554 (5th Cir. 2000)).

Applied here, Plaintiff's claims against the CRA Defendants are without merit because she has failed to identify an inaccuracy that is objectively and readily verifiable, an essential element to her FCRA claims. *See generally* ECF Nos. 37, 45 & 46. Plaintiff generally alleges in her Complaint that the CRA Defendants' reporting of the NCS account (the "Account") is inaccurate because her indebtedness was purportedly extinguished by a dismissal order in a prior eviction action. *See* ECF No. 1.  However, Plaintiff's alleged inaccuracy arises from a challenge of the validity of this underlying NCS debt, a dispute which simply cannot be objectively and readily verified by the CRA Defendants.  *See generally* ECF Nos. 37, 45 & 46; *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 288 (5th Cir. 2025).  Therefore, Plaintiff fails to plead an inaccuracy as required by the FCRA, and her claims fail as a matter of law accordingly.  *Id.*

10123870.5

Simply put, the Court should stay this action until it rules on the Motion for Judgment on the Pleadings, as joined by Trans Union and Experian, which may dispose of all of Plaintiff's claims against the CRA Defendants in their entirety, and thus prevent the Court from expending precious time and resources needed for proper discovery.

**B.      No Discovery is Currently Needed.**

The Court should stay this case, including discovery, pending resolution of the Motion for Judgment on the Pleadings, because the Motion for Judgment on the Pleadings does not necessitate any discovery, and the parties should not be required to expend any time, energy, and resources propounding and responding to additional discovery requests and conducting depositions regarding claims unlikely to survive based on well-accepted legal principles and case law.

It is well-settled that motions challenging the legal sufficiency of a claim or defense, such as a motion for judgment on the pleadings based on a failure to state a claim, should be resolved before discovery begins. *See Boudreaux v. C J R Framing Inc.*, 744 F. App'x 208, 211 (5th Cir. 2018) ("'a 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits.'") (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true."); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should following the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

Furthermore, because a motion for judgment on the pleadings may only be rendered based upon the pleadings and any judicially noticed facts, "[t]he information produced in discovery is [] not relevant to a motion for judgment on the pleadings." *Jenkins v. Wachovia Bank, Nat'l Ass'n*,

4

No. 1:09-CV-01259-MHS-GGB, 2010 WL 11647058, at *1 (N.D. Ga. Mar. 3, 2010) (*quoting Hart v. Hodges*, 587 F.3d 1288, 1294 n.4 (11th Cir. 2009)).  In this case, not only is discovery irrelevant to the merits of the Motion for Judgment on the Pleadings, but it would result in the unnecessary expense associated with written discovery, depositions, expert witnesses, and potential discovery motions.  To conserve resources, discovery should be stayed pending resolution of the Motion for Judgment on the Pleadings.

## IV.    CONCLUSION

Therefore, Defendants Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc. respectfully request the Court stay this case, in its entirety, pending ruling on Equifax's Motion for Judgment on the Pleadings, as joined by Trans Union and Experian.

Respectfully submitted,

*/s/ Leoncio A. Gil, III*

**LEONCIO A. GIL, III**
Texas Bar No. 24094204
leon.gil@qslwm.com
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
5801 Tennyson Pkwy, Ste 440
Plano, Texas 75024
(214) 560-5458
(214) 871-2111 Fax
***Counsel for Trans Union LLC***

5

10123870.5

SEYFARTH SHAW LLP


By:  */s/ Samin Hessami (with permission)*

Samin Hessami
Texas Bar No. 24100109
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas  77002-2812
Telephone:   (713) 238-1847
Facsimile:    (713) 821-0711
Email:  shessami@seyfarth.com

*Counsel for Defendant*
*Equifax Information Services LLC*


/s/ *Tanner Wadsworth (with permission)*

Tanner J. Wadsworth
Texas Bar No. 24115580
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Telephone:     +1.214.969.4593
Facsimile:      +1.214.969.5100
Email: twadsworth@jonesday.com

*Attorney for Defendant Experian*
*Information Solutions, Inc.*

6

10123870.5

## CERTIFICATE OF CONFERENCE

Pursuant to LR CV-7(h), the undersigned attorney hereby certifies that on June 17, 2026, he conferred with counsel for Plaintiff, via email correspondence, regarding the relief requested in this Motion.  Plaintiff is unopposed to the relief sought herein.

*/s/ Leoncio A. Gil, III*
**LEONCIO A. GIL, III**

10123870.5

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Heather Bryn Hersh
heather@fcraattorneys.com
Jaffer Law Firm
5301 Alpha Rd., Suite 80-5
Dallas, TX 75240
(469) 751-8949
*Counsel for Plaintiff*

John W. Bowdich
jbowdich@bowdichlaw.com
Bowdich & Associates PLLC
8150 N. Central Expressway, Suite 500
Dallas, TX 75203
(214) 307-9500
*Counsel for National Credit Systems Inc.*

Tanner Wadsworth
twadsworth@jonesday.com
Jones Day
2727 N Harwood Street
Dallas, TX 75201
(214) 969-4593
*Counsel for Experian
Information Solutions Inc.*

Samin Hessami
shessami@seyfarth.com
Seyfarth Shaw, LLP
700 Milam, Suite 1400
Houston, TX 77002
(713) 238-1847
*Counsel for Equifax
Information Services, LLC*

*/s/ Leoncio A. Gil, III*
**LEONCIO A. GIL, III**

8

10123870.5