IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEONDREA JOHNSON, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil No. 4:26-cv-00090-ALM |
| NATIONAL CREDIT SYSTEMS, INC., | § § | |
| EXPERIAN INFORMATION SOLUTIONS, | § | |
| INC., EQUIFAX INFORMATION | § | |
| SERVICES, LLC, and TRANS UNION, LLC, | § | |
| | § | |
| *Defendants*. | § | |

---

**DEFENDANT NATIONAL CREDIT SYSTEMS, INC.'S
RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

---

National Credit Systems Inc. ("Defendant" or "NCS") files this *Rule 12(c) Motion for Judgment on the Pleadings* and would show the Court as follows:

### INTRODUCTION

Plaintiff Keondrea Johnson ("Plaintiff") brings claims under the Fair Credit Reporting Act ("FCRA") against NCS concerning a debt Plaintiff owes to Estancia Morningstar Apartments ("Estancia" or "Original Creditor"). *See* Doc. 1 at ¶ 24. NCS is a collection agency hired by Estancia to collect this debt and that furnished information regarding this debt to the Defendant consumer reporting agencies[1] (collectively, the "CRAs"). Doc. 1 at ¶ 34. Plaintiff claims that NCS furnished inaccurate information concerning the debt and failed to conduct a reasonable investigation in violation of 15 U.S.C. § 1681s-2(b) of the FCRA. Doc. 1 at ¶¶ 26-37, 67-71, 138-

---

[1] Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLC.

155. Specifically, Plaintiff alleges that the information NCS furnished to the CRAs regarding the debt was inaccurate and misleading because NCS failed to report that Estancia's prior detainer action against Plaintiff had been dismissed with prejudice by the Denton County Court at Law No. 2 or otherwise report that the debt was "legally unenforceable." Doc. 1 at ¶¶ 71, 144, 152.

Plaintiff's Complaint does not deny the validity of the debt. She only claims that NCS's reporting of the debt was inaccurate or misleading because it was "legally unenforceable" due to an Order from the Denton County Court at Law, dismissing Estancia's prior detainer action with prejudice.

NCS is entitled to judgment on the pleadings because (1) Plaintiff has not plead facts to support that Plaintiff has an "actionable inaccuracy" based on the Order and has only plead legal conclusions, and (2) Plaintiff has not plead an "actionable inaccuracy" under the FCRA on which she can maintain an FCRA claim, because her allegations establish that her dispute of the debt did not identify a reporting inaccuracy that was "objectively and readily verifiable."

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) is decided under the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 582 F.3d 413, 418 (5th Cir. 2008). Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When considering a motion to dismiss, the U.S. Supreme Court instructed lower courts to consider "[t]wo

2

working principles." *Iqbal*, 556 U.S. at 678. First, the Court is not required to accept as true legal conclusions couched as factual allegations. *Id*. Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id*. (citing *Twombly*, 550 U.S. at 570). In analyzing a Rule 12(c) motion, the Court should accept all well-pleaded facts in the complaint as true and view those facts in plaintiff's favor. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). That is, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002) (internal quotations omitted). "But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n]' . . . 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)).

### PLAINTIFF'S ALLEGATIONS

Plaintiff alleges the following:

24. Plaintiff previously leased an apartment at Estancia at Morningstar Apartments, which later became the subject of a lease-related lawsuit filed in Denton County, Texas, County Court at Law No. 2, Cause No. CV-2024-02198-JP.

25. On July 11, 2024, the Denton County Court entered an Order of Dismissal with Prejudice in Cause No. CV-2024-02198-JP, which disposed of the claims asserted against Plaintiff and constituted a final adjudication on the merits.

\*       \*       \*

30. Plaintiff also provided the dismissal order to National Credit Systems through the CRA dispute process.

\*       \*       \*

32. Despite receiving the dismissal order, National Credit Systems verified the account as accurate and continued furnishing the same $9,365 balance and past-due amount to the CRAs.

\*     \*     \*

67. National Credit Systems received notice of Plaintiff's dispute from Equifax and was provided with the supporting documentation Plaintiff submitted, including the July 11, 2024 Dismissal with Prejudice.

68. Despite receiving this information, NCS verified the account as accurate and continued to furnish the same $9,365 balance and past-due amount to Equifax.

\*     \*     \*

70. Under 15 U.S.C. §1681s-2(b)(1)(D)–(E), NCS was required to report the results of its investigation to all CRAs and to modify, delete, or block the reporting of information that was inaccurate or could not be verified. NCS failed to take any of these required actions.

\*     \*     \*

142. NCS failed to conduct a reasonable investigation and failed to review or consider the July 11, 2024 Order of Dismissal with Prejudice.

143. NCS verified the account as accurate and continued furnishing the same $9,365 balance and past-due amount to Experian, Equifax, and Trans Union.

144. NCS failed to correct, delete, or modify the inaccurate information and failed to report the account as legally unenforceable.

145. The conduct of NCS constituted negligent violations of the Fair Credit Reporting Act within the meaning of 15 U.S.C. § 1681o.

Doc. 1.

### ARGUMENT AND AUTHORITIES

#### APPLICABLE LAW

The Fifth Circuit in *Reyes v. Equifax* recently adopted the "objectively and readily verifiable" standard to determine whether the plaintiff presented a valid FCRA claim. In *Reyes*, the plaintiff sued Equifax, alleging that it violated the FCRA by continuing to report a delinquent credit card account after she disputed the underlying charges, claiming identity theft by her mother

4

and failure to conduct a reasonable investigation by Equifax. *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F. 4th 279 (5th Cir. 2025). Equifax moved for summary judgment on the basis that, among other things, there was no inaccuracy in its reporting. *Id*. at 284

Reyes argued that when a CRA cannot, for whatever reason, verify the accuracy of disputed information, the FCRA requires the consumer reporting agency to delete the information because it "cannot be verified." *Id*. at 288. Explaining its rejection of that argument, the *Reyes* court adopted the Second Circuit's reasoning in *Mader*, where that court held that if an alleged inaccuracy "evades objective verification"—like inaccuracies that turn on legal disputes—it is not cognizable under the FCRA. *Id*. at 288 (citing *Mader v. Experian Info., Sols. Inc.*, 56 F.4th 264, 269-70 (2nd Cir. 2023)). It explained that this reading is faithful to the statutory text and the legislative purposes behind the FCRA. *Id*. Although the FCRA "requires the prompt deletion if the disputed information is inaccurate or unverifiable," that step is not reached unless the alleged inaccuracy reported by the consumer reporting agency is first determined to be "sufficiently objectively verifiable" to be actionable under the FCRA. *Id*. (citing *Mader* at 270 and *Sessa*, 74 F. 4th at 40 ("[A]n FCRA claim alleges an 'inaccuracy' so long as the challenged information is objectively and readily verifiable.")); *cf. Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 251 (4th Cir. 2025) ("Inaccuracies that are objectively and readily verifiable do not include claims of tortious conduct that require a furnisher to evaluate the subjective nature of the parties' actions—such as claims of fraud or retaliation.")). Moreover, reading the FCRA to require the deletion of debt information because of inaccuracies which "cannot be verified" until all legal disputes are fully adjudicated would frustrate the FCRA's goal of ensuring "fair and accurate credit reporting." *Reyes* at 289.

The Fifth Circuit has further held that to be actionable under the FCRA an alleged inaccuracy reported by a consumer reporting agency must first be "sufficiently objectively

verifiable." *Id*. at 288 (citing *Sessa v. Trans Union, LLC*, 74 F.4th 38, 40 (2d Cir. 2023) ("[A]n FCRA claim alleges an 'inaccuracy' so long as the challenged information is objectively and readily verifiable.")); In reaching this conclusion, the Fifth Circuit relied on *Mader v. Experian Info. Sols., Inc.*, where the consumer alleged that Experian was inaccurately reporting his student loan debt because it was discharged following his bankruptcy. *Reyes* at 288 (citing 56 F.4th 264, 267 (2d Cir. 2023)). Although he claimed that the debt was a private loan and not subject to the discharge exemption for education loans, the bankruptcy decree did not explicitly discharge this debt and had noted that student loan debts are not discharged. *Mader*, 56 F.4th at 268. The *Mader* Court explained that if an alleged inaccuracy "evades objective verification"—like inaccuracies that turn on legal disputes—it is not cognizable under the FCRA. *Id*. at 269-70. Because there was an unresolved legal question regarding whether the consumer owed the debt, its reporting by Experian, as found by the court, was "not sufficiently objectively verifiable to render [his] credit report 'inaccurate' under the FCRA." *Id*. at 270. The Fifth Circuit found this reasoning persuasive. *Reyes* at 288.

Because the term "accuracy" is not defined in the FCRA, courts look to its ordinary meaning found in "contemporary dictionary definitions" from 1970 when the FCRA was enacted. *Mader* at 269 (citing *El Omari v. Int'l Crim. Police Org.*, 35 F.4th 83, 88 (2d Cir.), *cert. denied*, 143 S. Ct. 214, 214 L. Ed. 2d 84 (2022)). The word "accuracy" is defined as "freedom from mistake or error" or "conformity to truth or to some standard or model." *Id*. (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 13-14 (1971)). This definition requires a focus on objectively and readily verifiable information. *Id*. This is consistent with requiring that an inaccuracy be "patently incorrect or . . . misleading," *Id*. A dispute that involves complex fact-gathering and in-depth legal analysis of the sort that courts would typically perform is not objectively and readily

verifiable. *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 251 (4th Cir. 2025). A dispute that implicates unsettled questions of law and requires credibility determinations and quasi-discovery isn't either. *Id*. Inaccuracies that are objectively and readily verifiable do not include claims of tortious conduct that require a furnisher to evaluate the subjective nature of the parties' actions—such as claims of fraud or retaliation. *Id*. Plaintiff must plead facts that plausibly support the conclusion that, when NCS received Plaintiff's dispute, NCS could have objectively and readily verified that the Order dismissed Estancia's claims against Plaintiff for the subject debt with prejudice.

PLAINTIFF FAILS TO PLEAD A PRIMA FACIE FCRA CLAIM BASED ON AN ACTIONABLE INACCURACY.

### A. The Court is not required to accept Plaintiff's unsupported legal conclusions.

Plaintiff has not disputed the validity of the debt. Instead, she claims that the dismissal of the State Court Action "bars any collection of the underlying lease claim" (Doc. 1 at ¶ 27) and rendered the debt "legally unenforceable" (*id*. ¶ 28). In other words, Plaintiff argues that NCS violated the FCRA by failing to adopt her own subjective legal conclusion regarding the validity of the debt. Plaintiff has not stated any factual deficiency related to the debt.[2]

The Court is not required to take as true Plaintiff's allegation that the state court Order "disposed of the claims asserted against Plaintiff and constituted a final adjudication on the merits…[that] bars any further collection of the underlying lease claim…[and] established that the alleged debt reported by National Credit Systems is legally unenforceable" (*See* Doc. 1 at 4-5). To survive a motion for a judgment on the pleadings, "a complaint must contain sufficient factual

---

[2] Notably, the dismissal of the State Court Action referenced in Plaintiff's Complaint does not provide any information regarding the status of the debt which would move Plaintiff's claims from speculative to plausible. *See* Exhibit "A"- Plaintiff's October 2025 Dispute to Equifax. [A district court may consider documents attached to a motion to dismiss when the documents are referred to in the pleadings and are central to plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)].

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly* at 570). This involves a two-step inquiry. *Doe v. Robertson*, 751 F.3d 383, 388, 390 (5th Cir. 2014). First, the court must identify the complaint's well-pleaded factual content. *See id.* at 388. In doing so, the court sets aside "any unsupported legal conclusions," the truth of which it "cannot assume." *Id.*; *see also Iqbal*, 556 U.S. at 678-79. "[L]egal conclusions masquerading as factual allegations merit dismissal under Rule 12(c)." *Cooksey v. Port Arthur Police Dep't*, No. 1:23-CV-341, 2024 U.S. Dist. LEXIS 49415, at *10 (E.D. Tex. 2024). Legal conclusions must be supported by factual allegations. *Iqbal*, 556 U.S. at 679.

The effect of a prior state court judgment is a question of law. *Cal-Bay Int'l, Inc. v. Supertrail Mfg. Co. (In re Supertrail Mfg. Co.)*, 383 F. App'x 475, 479 (5th Cir. 2010) (citing *In re Keaty*, 397 F.3d 264, 269 (5th Cir. 2005)) ("A bankruptcy court's decision to give preclusive effect to a state court judgment is a question of law that we review de novo."); s*ee also Oreck Direct LLC v. Dyson Inc*., 560 F.3d 398, 401 (5th Cir. 2009) ("The res judicata effect of a prior judgment is a question of law that we review de novo."). Plaintiff's allegation regarding the effect of the Order on the debt, which she claims NCS should have immediately recognized, is a legal conclusion unsupported by any factual allegations. Plaintiff does not provide specific factual allegations that the debt was a claim before the Denton County Court that would allow this Court to reach the legal conclusion from any well-pleaded facts that the Order dismissed that claim with prejudice in order to have the determinative effect Plaintiff claims the Order had on the debt and any subsequent reporting of it. The Court is not required to give any effect to Plaintiff's allegations that the state court Order "disposed of the claims asserted against Plaintiff and constituted a final adjudication on the merits…[that] bars any further collection of the underlying lease claim…[and] established that the alleged debt reported by National Credit Systems is legally unenforceable."

8

Because Plaintiff's legal conclusions regarding the effect of the Order are the sole basis for claiming that NCS's reporting of the debt was inaccurate or misleading, Plaintiff has failed to set forth facts which, if true, would entitle her to relief. NCS is entitled to judgment on her pleadings as a matter of law.

**B. Plaintiff's dispute of the debt based on the state court Order did not raise an actionable inaccuracy, because the effect of the Order on the debt, if any, was not objectively and readily verifiable.**

The sole purported basis for Plaintiff's claim that the debt information NCS reported to the CRAs was inaccurate or misleading is that the Texas state court Order "disposed of the claims asserted against Plaintiff and constituted a final adjudication on the merits…[that] bars any further collection of the underlying lease claim…[and] established that the alleged debt reported by National Credit Systems is legally unenforceable." Doc. 1, p. 4-5. Moreover, it is NCS's failure to include mention of the Order or its effect that Plaintiff claims made NCS's reporting of the debt inaccurate. *See* Doc. 1 at ¶ 144 ("NCS failed to correct, delete, or modify the inaccurate information and failed to report the account as legally unenforceable.").

NCS's failure to include any mention of the Order in its reporting of the debt was only misleading if the Order disposed of the debt. Otherwise, the Order was irrelevant to the debt and NCS's reporting of it. But the effect of the Order on the debt, if any, was not objectively and readily verifiable by NCS at the time Plaintiff disputed the debt with the CRAs. Even if Plaintiff's well-pleaded factual allegations are true (not her unsupported legal conclusions), the effect of the Order on the debt could not be determined from its language or any other information provided by the Plaintiff with her dispute.[3]

---

[3] Moreover, the Order, on its face, suggests that the dismissal with prejudice was erroneous and not on the merits, as it recites that Estancia "did not appear for the appeal hearing." A dismissal for failure to appear at trial or for want of prosecution should be without prejudice. *Arrow Marble, LLC v. Killion*, 441 S.W.3d 702, 707 (Tex. App.—Houston [1st Dist.] 2014, no pet.). A trial court's authority to dismiss cases

The effect of the Order on the debt, if any, was not objectively and readily verifiable. Nothing in the Order indicates that the debt was before the Denton County Court at Law. It only recites that the case "was set for a Forcible Entry Detainer – Appeal Hearing." "The only issue in a forcible detainer action is the right to actual possession of the premises." *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013). The judgment in a forcible detainer action is a final determination only "of the right to immediate possession." *Id*. While liability for past due rent may be determined in a detainer action, a landlord is not required to pursue a claim for back rent in the detainer action and may pursue liability for rent in a separate suit. *Id*. ("[A] suit for eviction under the FED statute 'does not bar a suit for trespass, damages, waste, rent, or mesne profits.'") (quoting TEX. PROP. CODE § 24.008). As Estancia's claim for rent against Plaintiff was not required to be a part of its detainer action, and the Order did not indicate that it was before the court, the Order of Dismissal did not necessarily determine with prejudice any claim regarding the debt. Therefore, NCS could not have objectively and readily verified any effect of the Order on the debt, much less that it "disposed of the claims asserted against Plaintiff and constituted a final adjudication on the merits…[that] bars any further collection of the underlying lease claim…[and] established that the alleged debt reported by National Credit Systems is legally unenforceable" (Doc. 1, p. 4-5). Because, based on Plaintiff's own allegations, Plaintiff's dispute did not raise an objectively and readily verifiable inaccuracy, Plaintiff does not have a valid claim under the FCRA, and NCS is entitled to judgment on the pleadings.

Plaintiff's Response to Equifax's Motion for Judgment on the Pleadings (Doc. 40) concedes this issue entirely as follows:

---

for want of prosecution does not confer upon it the authority to adjudicate and deny the merits of the dismissed claim." *Id*.

- "Equifax argues that the Denton County dismissal disposed only of an eviction (possession) action, not the underlying lease debt, and therefore cannot affect the reportability of the NCS collection account. *This may ultimately prove to be a contested factual and legal issue at trial, but it cannot be resolved against Plaintiff as a matter of law on the face of the pleadings*." Doc. 40 at 11 (emphasis added);

- "Moreover, *Equifax's own argument, that the dismissal of the eviction action cannot affect the underlying lease debt, is itself a legal conclusion that requires factual development*. Whether the landlord's action encompassed damages claims arising from the lease, whether the dismissal with prejudice operates as res judicata over any related debt claims, and whether Estancia's failure to appear and present evidence at the hearing extinguished its ability to collect on the lease obligation are questions that may turn on the record in the state court proceeding, the terms of the lease, and Texas law on forcible detainer jurisdiction and claim splitting. *These questions cannot be answered at the pleadings stage*." Doc. 40 at 11 (emphasis added);

- "First, because a FED action is limited to possession, Estancia's FED proceeding was its only judicial vehicle for recovering possession from Plaintiff. When Estancia failed to appear at the appeal hearing and the case was dismissed with prejudice, Estancia lost the right to re-litigate that claim. The dismissal with prejudice is the final documented public record of all claims Estancia brought in that proceeding. *Whether it also forecloses separate debt collection proceedings is a legal question that cannot be resolved against Plaintiff at the pleadings stage* — but it is not a question Equifax can simply wave away by citing *Rice*." Doc. 40 at 12 (emphasis added);

- "Third, Equifax's own motion concedes in footnote 3 that determining the legal implications of a FED proceeding on the underlying debt would require Equifax to research Texas forcible detainer law and assess whether the dismissal rendered the debt legally unenforceable. Dkt. No. 37 at 12 n.3. Equifax argues this confirms the dispute is beyond what a CRA can be expected to verify. *But it equally confirms that the question is not straightforward, which means Equifax cannot resolve it in its own favor at the pleadings stage either. If the legal effect of the FED dismissal is genuinely complex, the answer is not judgment on the pleadings for Equifax; it is discovery and a trial*." Doc. 40 at 12-13 (emphasis added);

- "Second, the docket subtype 'Eviction Non-Payment of Rent' is an administrative classification assigned at the time of filing for docketing purposes. *It does not establish what claims were adjudicated, what defenses were raised, what the scope of the proceedings encompassed, or what legal effect the final dismissal with prejudice had on the underlying landlord-*

11

*tenant relationship*. A filing subtype is not a judicial determination of any of those questions." Doc. 40 at 13 (emphasis added);

- "Third, under Federal Rule of Evidence 201, judicial notice is limited to facts 'not subject to reasonable dispute.' Fed. R. Evid. 201(b). *The existence of the public docket and its entries are proper subjects of judicial notice. The legal effect of the dismissal with prejudice on the underlying debt obligation is not, it is a contested legal question that is the very subject of this litigation*." Doc. 40 at 13-14 (emphasis added);

In trying to defeat Equifax's Motion for Judgment on the Pleadings, Plaintiff repeatedly admits that (1) the effect of the Order is a legal question and (2) that it will take discovery and a trial to determine the effect of the Order on the debt. As with consumer reporting agencies, data furnishers, like NCS, are not expected to function like full tribunals. *Roberts*, 131 F.4th at 251 n.6 (citing *Sessa*, 74 F.4th at 42-43; *see also Mader* at 270-71). Allegedly inaccurate information that "stems from a...dispute without a straightforward answer" does not constitute "objectively and readily verifiable" information. *Rozov*, 2025 U.S. App. LEXIS 14033, at *6 (quoting *Holden* at *6). If, as Plaintiff has argued, the legal effect of the Order "is not straightforward" (Doc. 40 at 13), is "a contested legal question that is the very subject of this litigation" (Doc. 40 at 13-14), and can only be determined after "discovery and a trial" (Doc. 13), then NCS, a debt collector and consumer data furnisher could not have been reasonably expected to determine that the Order had any effect on the debt that required it to modify its reporting. Courts have found that credit reporting agencies are not tribunals and "are neither qualified nor obligated to resolve legal issues." *Reyes* at 287 (citing *Denan v. Trans Union LLC*, 959 F.3d 290, 296 (7th Cir. 2020); *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 814 (7th Cir. 2023) ("We have long held that [consumer reporting agencies] are not well suited to adjudicate legal defenses to a debt, so they are not liable for reporting information that may be legally inaccurate."); *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) (explaining that a reasonable reinvestigation "does not

12

require [consumer reporting agencies] to resolve legal disputes about the validity of the underlying debts they report").

Plaintiff is judicially estopped from denying that the effect of the Order on the debt was not objectively and readily verifiable by NCS at the time of her dispute of the debt. Judicial estoppel is an equitable doctrine that "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Gabarick v. Laurin Mar. (Am.) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014) (quoting *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996)). One of the doctrine's purposes is "to prevent litigants from playing fast and loose with the courts." *Id*. And, ultimately, judicial estoppel protects "the integrity of the judicial process." *Id*. (quoting *United States ex rel. American Bank v. C.I.T. Constr. Inc. of Texas*, 944 F.2d 253, 258 (5th Cir. 1991)). At least two requirements must be met before a party's argument may be judicially estopped. *Id*. First, the estopped party's position must be "clearly inconsistent with its previous one," and second, "that party must have convinced the court to accept that previous position." *Id*. (quoting *Hall v. GE Plastic Pac. PTE Ltd*., 327 F.3d 391, 396 (5th Cir. 2003)).

PRAYER

Defendant requests a judgment that Plaintiff takes nothing on her claims against Defendant, that Plaintiff's claims against Defendant are dismissed and that Defendant recovers its attorneys' fees and costs, if appropriate.  Defendant prays for such other and further relief to which Defendant may be entitled.

13

Respectfully submitted,

By: _____
JOHN W. BOWDICH
State Bar No. 00796233

BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expy., Suite 500
Dallas, Texas 75206
(214) 307-5173 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com

ATTORNEY FOR DEFENDANT
NATIONAL CREDIT SYSTEMS, INC.


CERTIFICATE OF SERVICE

On June 25, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, Sherman Division using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) as follows:

Heather Hersh, Esq.                           VIA ECF
FCRA ATTORNEYS
5301 Alpha Road, Suite 80-5
Dallas, Texas 75240
heather@fcraattorneys.com
ATTORNEY FOR PLAINTIFF


John W. Bowdich, Esq.                       VIA ECF
BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
(214) 307-5173 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com
ATTORNEY FOR DEFENDANT
NATIONAL CREDIT SYSTEMS, INC.

14

Tanner J. Wadsworth, Esq.   VIA ECF
Texas Bar No. 24115580
JONES DAY
2727 N. Harwood St.
Dallas, TX 75201
Telephone: +1.214.969.4593
Facsimile: +1.214.969.5100
twadsworth@jonesday.com
*Attorney for Defendant*
*Experian Information Solutions, Inc*.

Samin Hessami, Esq.   VIA ECF
Texas Bar No. 24100109
SEYFARTH SHAW LLP
700 Milam Street
Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 238-1847
Facsimile: (713) 821-0711
Email: shessami@seyfarth.com
*Counsel for Defendant*
*Equifax Information Services LLC*

Leoncio A. Gil, III, Esq.   VIA ECF
Texas Bar No. 24094204
leon.gil@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Telephone: (214) 560-5458
Fax: (214) 871-2111
*Counsel for Defendant*
*Trans Union LLC*

By: _____
   JOHN W. BOWDICH
   State Bar No. 00796233

15