# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| KEONDREA JOHNSON,<br><br>*Plaintiff*,<br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and TRANS UNION, LLC,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:26-cv-90<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Equifax Information Services, LLC's Motion for Judgment on the Pleadings (Dkt. #37), Defendant TransUnion, LLC's Joinder to Equifax Information Services, LLC's Motion for Judgment on the Pleadings (Dkt. #45), Defendant Experian Information Solutions, Inc.'s Joinder in Defendant Equifax Information Services, LLC's Motion for Judgment on the Pleadings (Dkt. #46), and Defendant National Credit Systems, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings (Dkt. #56). Having considered the Motions and the relevant pleadings, the Court finds that:

Defendant Equifax Information Services, LLC's Motion for Judgment on the Pleadings (Dkt. #37) should be **DENIED**.

Defendant TransUnion, LLC's Joinder to Equifax Information Services, LLC's Motion for Judgment on the Pleadings (Dkt. #45) should be **DENIED**.

Defendant Experian Information Solutions, Inc.'s Joinder in Defendant Equifax Information Services, LLC's Motion for Judgment on the Pleadings (Dkt. #46) should be **DENIED**.

Defendant National Credit Systems, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings (Dkt. #56) should be **DENIED**.

## BACKGROUND

This is a Fair Credit Reporting Act ("FCRA") case. Plaintiff alleges that she leased an apartment with Estancia at Morningstar Apartments (Dkt. #1 at ¶ 24). There was a lawsuit related to this lease (Dkt. #1 at ¶ 24). This lawsuit was dismissed (Dkt. #1 at ¶ 25). Plaintiff alleges that this dismissal bars any further collection of the underlying lease claim (Dkt. #1 at ¶ 27). Plaintiff provided this dismissal to each Defendant (Dkt. #1 at ¶¶ 28, 29). National Credit Systems Inc. ("National Credit") then verified Plaintiff's debt as accurate (Dkt. #1 at ¶ 32). Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and TransUnion, LLC ("TransUnion") continued to report the debt as in active collection and past due (Dkt. #1 at ¶ 31).

On April 20, 2026, Equifax filed its Motion for Judgment on the Pleadings (Dkt. #37). On May 4, 2026, Plaintiff filed a Response (Dkt. #40). On May 11, 2026, Equifax filed a Reply (Dkt. #44). The same day, Trans Union filed a Motion joining Equifax's Motion (Dkt. #45). On May 15, 2026, Experian filed a Motion joining Defendant Equifax's Motion (Dkt. #46). On May 18, 2026, Plaintiff filed a Sur-Reply to Equifax's Motion (Dkt. #47). On May 26, 2026, Plaintiff filed a Response to TransUnion's Motion (Dkt. #48). On May 28, 2026, Plaintiff filed a

Response to Experian's Motion (Dkt. #50). On June 2, 2026, TransUnion filed a Reply (Dkt. #51). On June 9, 2026, Plaintiff filed a Sur-Reply to TransUnion's Reply (Dkt. #52).

On June 25, 2026, National Credit filed a Motion for Judgment on the Pleadings (Dkt. #56). On July 9, 2026, Plaintiff filed a Response (Dkt. #58).

## LEGAL STANDARD

### I. Fair Credit Reporting Act

Congress enacted the FCRA in 1970, and provided the following statement of purpose:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b). Under the FCRA, 15 U.S.C. § 1681e(b) requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Then, 15 U.S.C. § 1681i governs the requirements a consumer reporting agency must meet when a consumer disputes the accuracy of the information in their credit file. To fulfill its purpose, the FCRA imposes civil liability when a consumer reporting agency ("CRA") or furnisher of information negligently or willfully violates the FCRA's provisions. 15 U.S.C. §§ 1681n, 1681o. The FCRA "is to be liberally construed in favor of the consumer." *Wagner v. TRW, Inc.*, 139 F.3d 898, 898 (5th Cir. 1998) (per curiam) (unpublished) (citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)).

## II. Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion brought pursuant to Fed. R. Civ. P 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Tr.*, 313 F.3d at 312 (internal quotations marks omitted) (quoting *Hughes*, 278 F.3d at 420). The standard applied under Rule 12(c) is the same as that applied under Rule 12(b)(6). *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Guidry v. Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007).

## ANALYSIS

After reviewing Plaintiff's Complaint and the arguments presented in the briefs, the Court finds that Plaintiff has stated plausible claims for relief against each Defendant under Rule 12(c). Dismissal is unwarranted.

## CONCLUSION

It is therefore **ORDERED** that Defendant Equifax Information Services, LLC's Motion for Judgment on the Pleadings (Dkt. #37) is hereby **DENIED**.

It is further **ORDERED** that Defendant TransUnion LLC's Joinder to Equifax Information Services, LLC's Motion for Judgment on the Pleadings (Dkt. #45) is hereby **DENIED**.

It is further **ORDERED** that Defendant Experian Information Solutions, Inc.'s Joinder in Defendant Equifax Information Services, LLC's Motion for Judgment on the Pleadings (Dkt. #46) is hereby **DENIED**.

It is further **ORDERED** that Defendant National Credit Systems, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings (Dkt. #56) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 17th day of November, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE